IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-31630 |
| POSITIVE HEALTH MANAGEMENT, INC. | § | |
| | § | CHAPTER 7 |
| DEBTOR | § | |

**TRUSTEE'S MOTION TO AUTHORIZE**
**NUNC PRO TUNC SALE OF PROPERTY OF THE ESTATE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY OF THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:**

Randy W. Williams, Chapter 7 trustee (the "Trustee"), files this Motion to Authorize Nunc Pro Tunc Sale of Property of the Estate and in support thereof would show this Honorable Court as follows:

1. The Trustee respectfully requests that this Court approve the proposed sale of certain property of the estate, free and clear of liens, to James Key and Mark Farias (together "Buyer").

2. On March 11, 2008, the above referenced debtor filed chapter 11 bankruptcy.

1

Randy W. Williams was appointed chapter 11 trustee. The case was converted to a chapter 7 on March 13, 2009. Randy W. Williams is the Chapter 7 trustee.

3. Pursuant to a pending adversary proceeding, the Trustee, through counsel, recovered assets that had been converted during the chapter 11 case. On their face, these assets were the property of an entity created by Ron and/or Kimberly Zeigler (Mr. Zeigler is deceased) (Ms. Zeigler is a defendant in pending litigation). The entity was called Priority Healthcare. As a result of the adversary proceeding, an judgment was obtained and the business assets of Priority Healthcare that were transferred were recovered by the Trustee. In order to realize any value related to those assets for the benefit of creditors of this estate, Trustee, with the assistance of counsel, conducted a closed-bid auction among at least three groups of prospective buyers identified by Trustee's counsel as having personal knowledge of the assets for sale.

4. The Trustee received an offer of $35,000.00 from James Key and Mark Farias (the "Key Offer") to purchase primarily medical equipment, patient files, an interest in professional certifications, the name "Priority Healthcare", and vehicles (the "Property"). The rehabilitation equipment had been property of the Debtor. It is the Trustee's position that the business opportunity that was the Debtor's was transferred to Priority thereby enabling it to conduct business, so the patient files and other assets flowed from the initial improper transfer. This was the highest and best offer of the various offers received. The Property was sold "as is where is" without warranty. The Property is identified on **Exhibit A** attached hereto.

5. If an immediate sale had not been conducted the value of the assets would have been zero and subject to the claims of competing creditors of Priority Health. As a result, the auction was conducted as quickly as possible and application for approval is being sought now. There is a question as to whether the assets, or the Property, are property of the estate as defined under 11 U.S.C. § 541 or rather the collection of sums due on account of the claims and causes of action the Trustee alleged, plead and is prosecuting against Ms. Zeigler and Priority Healthcare. The Trustee does not request a specific finding that any or all of the Property is property of the estate, but rather confirmation that to the extent any of the items were that the sale is authorized.

6. In any event, to the extent that there are any valid and property perfected security interests or liens against the Property, those claims will attach to the proceeds of the sale. However, the Trustee is not aware of any such liens that are claimed against the assets that were sold.

7. The sale of the items by the Trustee shall be without representation or warranty.

8. The Trustee requests authority under 11 U.S.C. § 363 (b) and (f) to sell the Property free and clear of liens, claims and encumbrances to the extent same attach to the property of the estate.

9. The Trustee is not aware of any adverse tax consequences associated with the sale. Wherefore, premises considered the Trustee requests authorization to sell the Property

as listed on Exhibit A, free and clear of any and all liens and encumbrances, to James Key and Mark Farias.

Dated: October 21, 2009                                  Respectfully submitted,

                                                           *Kirk A. Kennedy*
Special Counsel to the Chapter 7 Trustee,
Randy W. Williams,
6350 LBJ Freeway, Suite 163
Dallas, TX 75240
(832) 646-9228
(713) 583-7069 fax

# Exhibit A

**Equipment**

i)  All equipment including rehabilitation equipment, phone systems, office furniture, and computers located at 11840 W. 1960, Houston, TX
ii) All equipment including rehabilitation equipment, diagnostic equipment, and office furniture locatedfs at 14637 Pebble Bend Drive, Houston, TX

**Accounts Receivables**

1. Amounts billed by Priority Healthcare for dates of service between July 18, 2008 and August 31, 2009 but not reimbursed by payors as indicated in any explanation of benefits
2. Amounts not billed by Priority Healthcare for dates of service after August 31, 2009

**Patient Files and Lists**

Located at 11840 West 1960 and at 14637 Pebble Bend Drive facility

**Intangibles**

CORF certification

CARF certification

The name "Priority Healthcare"

**Vehicles**

2001 Toyota 4 Runner – VIN JT3GN86R610189408
2002 BMW – VIN WBAET37432NG81722
2004 S500 Mercedes – VIN WDBNG75J74A403984

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the Debtor, Debtor's attorney, U.S. Trustee and all creditors and parties requesting notice by first class U.S. mail, postage prepaid, on this the 21st day of October, 2009.

                                          ***/s/ Kirk A. Kennedy***
                                          Kirk A. Kennedy